UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:14-CV-21505-KMW

JUAN ABANTO,

    Plaintiff,

v.

BANK OF NEW YORK MELLON TRUST
COMPANY, N.A.; JPMORGAN CHASE
BANK, NA, AS SUCCESSOR IN INTEREST
TO CHASE HOME FINANCE, LLC; SELECT
PORTFOLIO SERVICING, INC.; JAMES
E. ALBERTELLI PA D/B/A ALBERTELLI
LAW; BERNARD VINCENT MCMANUS,
ESQ., Individually,

    Defendants.
_____/

**DEFENDANTS, SELECT PORTFOLIO SERVICING, INC., AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., SUCCESSOR TO THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE FOR CHASE MORTGAGE FINANCE TRUST MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-S5, MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, SELECT PORTFOLIO SERVICING, INC., AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., SUCCESSOR TO THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE FOR CHASE MORTGAGE FINANCE TRUST MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-S5, ("Defendants"), by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectfully move this Court to dismiss the Complaint against Defendants, filed by Plaintiff, JUAN ABANTO ("Borrower").

## I. INTRODUCTION

On April 28, 2014, the Borrower filed this action against the named Defendants based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in

Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), allegedly stemming from a lawsuit filed in Miami Dade County for foreclosure of the Borrower's residential property. *See* D.E. 1, Compl. ¶14.

In regards to his RESPA claim, Plaintiff alleges that the Defendants violated 12 U.S.C. § 2605 by not responding to Plaintiff's self-described "qualified written request" allegedly sent to Defendants on or about January 20, 2014. *See* D.E. 1, Compl. ¶¶ 40, 41, 42. Plaintiff fails to attach a copy of the purported RESPA request to his Complaint, and aside from the vague and ambiguous allegations regarding Plaintiff's demanding of certain documents and answers to questions regarding the servicing of the loan, does not describe the nature of his alleged request or how it relates to the servicing of his mortgage loan. *See* D.E. 1, Compl. ¶40. Plaintiff also refers to a purported sale, transfer or assignment from JPMorgan Chase Bank to Bank of New York Mellon f/k/a the Bank of New York Trust Company, N.A., as Trustee for Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2007-S5 ("BONY"), and references a failure to provide notice of the sale, assignment or transfer. *See* D.E. 1, Compl. ¶¶ 21, 22, 23.

Plaintiff's TILA claim alleges that the Defendants violated 15 U.S.C. § 1641(g). Plaintiff appears to base this claim on the loan being transferred to BONY, upon one of the following events: (i) the trust closing date of June 26, 2007; (ii) the loan allegedly being assigned to BONY at some point prior to the mortgage foreclosure action filed on October 29, 2012; and/or (iii) an assignment of mortgage prepared on August 9, 2012, and recorded on September 21, 2012. *See* D.E. 1, Compl. ¶ 22. Plaintiff fails to allege, with particularity, any factual evidence to support

this claim. Plaintiff relies soley upon conclusory statements to allege a cause of action under TILA in the case at bar.

The Plaintiff further alleges that the Defendants violated several provisions of the FDCPA, FCCPA, and FDUTPA, for failing to give proper notice to the Plaintiff in the underlying foreclosure action, lack of standing on behalf of the party plaintiff in the foreclosure action, and failure of conditions precedent in the foreclosure action. Putting aside the fact that the Plaintiff's instant claims are barred by the applicable statute of limitations, the state court determination in the underlying foreclosure action had a preclusive effect, pursuant to full faith and credit statute, 28 U.S.C.A. § 1738, on this subsequent federal action. Each issue the Plaintiff raises is related to the underlying foreclosure action which has already been adjudicated in state court. If state law would find plaintiff's subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel, then the state action has a preclusive effect in this federal forum. For the reasons stated herein, the Borrower's claims under the RESPA, TILA, FDCPA, FCCPA, and FDUTPA are either time-barred, or fail to state a cause of action under Rule 12(b)(6).

## II. LEGAL ARGUMENT

Plaintiffs' allegations are mere recitations of the applicable statutory provisions without any supporting factual allegations as to Defendants' specific conduct.

### A. Rule 8 & 12(b)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. at 679. "The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment [as Rule 12(d) allows when a movant presents arguments or materials that go beyond the four corners of the complaint], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

We respectfully submit that this Honorable Court should dismiss the Complaint in its entirety as Plaintiff has failed to comply with the Rule 8 pleading guidelines or to state a claim upon which relief can be granted by this Court. Foremost, the Plaintiff has not pled his Complaint with the required specificity under Rule 8 as to give "fair notice" of the claims brought. Under federal law it is clear that, "[a]lthough [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Pierson v. Orlando Reg. Healthcare Sys. Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). In *Atuahene*, the court held that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard." *Id*. Additionally, the *Pierson* court went on to hold that "[b]ecause of the grouping together of these Defendants without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." *Id*. at 1274; see also *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367 (S.D. Fla. 2011) ("Plaintiff simply makes the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques' without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist"); citing *Reese v. JPMorgan Chase & Co*., 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009). Thus, under the present facts and legal precedent, Defendants have not been given the "fair notice" as required by Rule 8, and this Complaint should be dismissed in its entirety.

Additionally, Plaintiff's Complaint is a prototypical "shotgun" pleading, the type of which is simply not permitted by this Court. Because it is not possible to meaningfully respond to such a pleading, Defendants, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, move for a more definite statement, in the alternative to dismissal. The Complaint contains 72 paragraphs (not including subparts), and asserts claims against six Defendants, without identifying each Defendant's liability under the alleged violations under a number of federal statutes. In the first paragraph of each Count, Plaintiff incorporates almost all preceding paragraphs of the Complaint. *See* Compl. ¶¶ 45, 50, 52, 57. Plaintiff's incorporation of almost every allegation into each count renders the Complaint a shotgun pleading, in violation of the practice in this Court. As the Eleventh Circuit has explained, "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit is well aware of the negative effects that shotgun pleadings have on the district courts. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (observing that "[s]hotgun pleadings . . . exact an intolerable toll on the trial court's docket"). Because shotgun pleadings place such burdens on the courts and the defendants who must respond to them, they have been consistently frowned upon by the Eleventh Circuit. *See Strategic Income Fund*, 305 F.3d at 1295

n.9 (citing cases and noting that the court "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay"); *see also Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (observing that court has "repeatedly condemned" shotgun pleadings); *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001) (recognizing that shotgun pleadings in the Eleventh Circuit have been "condemned repeatedly, beginning at least as early as 1991"). For these reasons, the Eleventh Circuit has suggested that a district court confronted with a shotgun complaint should require the plaintiff to try again. *See Lumley*, 327 F.3d at 1192 n.13 ("We . . . suggest that, when faced with such a pleading, the district court, acting on its own initiative, require a repleader."); *Byrne*, 261 F.3d at 1129 (holding that when a district court is faced with a shotgun complaint, it should—either in response to a defendant's motion for more definite statement or on its own initiative—require repleader). In cases where the district court allowed the plaintiffs to proceed on their shotgun pleadings, the Eleventh Circuit has vacated judgments and remanded with instructions to begin all over again. *See, e.g., Magluta*, 256 F.3d at 1284 ("In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims."). Because Plaintiff's Complaint is a shotgun pleading which fails to make a prima facie case for any substantive cause of action against the Defendants, and if the Court determines Plaintiff's claims can withstand statute of limitations and preclusion grounds, this Court should require Plaintiff to replead and to provide a more definite statement of his claim.

### B. Plaintiff's Claims Have Been Adjudicated at the State Court Level, Which Has a Preclusive Effect on This Court, Pursuant to the Full Faith and Credit Statute

A state court determination has a preclusive effect, pursuant to full faith and credit statute of 28 U.S.C. § 1738, on a subsequent federal action if state law would find a plaintiff's

subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel. The res judicata effect of a prior judgment is a question of law. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). This Court is a not a state court of appeal to allow the Plaintiff a second bite at the apple. Res judicata includes two related concepts: claim preclusion and issue preclusion (also called collateral estoppel or issue estoppel). Claim preclusion bars a suit from being brought again on an event which was the subject of a previous legal cause of action that has already been finally decided between the parties or those in privity with a party. Issue preclusion bars the relitigation of issues of fact or law that have already been necessarily determined by a judge or jury as part of an earlier case. This case presents an issue of claim preclusion. The basic rule of claim preclusion is that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987); *citing Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79, 94 S. Ct. 806, 812, 39 L. Ed. 2d 9 (1974). In the instant action, each of Plaintiff's facts supporting his claims relate to issues that were, or could have been, raised as defenses or counterclaims in the state court action. In fact, several of the allegations could be described as compulsory counterclaims which mandated that they were set forth in the underlying action or be forever barred. Plaintiff raises standing issues concerning the plaintiff in the foreclosure action, including issues with the assignment of the loan interest. *See* D.E. 1, Compl. ¶ 23. It is abundantly clear from a reading of the Plaintiff's allegations that each of these issues fall squarely into the "claim preclusion" category, and should not be revisited in the instant action.

Regardless of the form being used, collateral estoppel is an outgrowth of the principle that valid judgments must be given finality. To serve this goal, the courts fashioned the related doctrines of collateral estoppel and res judicata. Res judicata "makes a final, valid judgment conclusive on the parties and their privies as to all matters, fact and law, that were or should have been adjudicated in the proceeding." Such a judgment will prevent further litigation between the parties on the same claim or cause of action. Collateral estoppel, on the other hand, "recognizes that suits addressed to particular claims may present issues relevant to suits on other claims." The distinction between the two is that while res judicata applies to later suits on the same cause of action, collateral estoppel "precludes relitigation of issues actually litigated and determined in a prior suit regardless of whether it was based on the same cause of action as the second suit." 35 BLRLR 291, Baylor Law Review, *The Future of Offensive Collateral Estoppel in Texas*, Spring, 1983. The instant matter presents issues of both res judicata and collateral estoppel, covering Plaintiff's claims and/or defenses that were brought in the underlying foreclosure action, as well as those that could have been brought.

"Under the federal full faith and credit statute, federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered. *See* 28 U.S.C. § 1738." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). "[A] federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987) (citing 28 U.S.C. § 1738). This is the rule regardless of whether the state court's judgments are erroneous. *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Lops v. Lops*, 140 F.3d 927, 938 (11th Crr.1998). The preclusive effect of state judgments in federal court is

determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985), supra. ("This statute [28 U.S.C. § 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered."). The instant action is a prototypical example of the full faith and credit doctrine, and Plaintiff's claims must be dismissed with prejudice for that reason.

### C. Plaintiff Fails to Plead a Cause of Action Under RESPA.

Plaintiff fails to adequately plead the elements of a RESPA violation. "[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid [qualified written request], (3) defendant failed to adequately respond within the [applicable] statutory period, and (4) plaintiffs are entitled to actual or statutory damages. *See Marsh v. BAC Home Loans Servicing, LP,* 2011 WL 1196415, 8 (M.D. Fla. 2011).

Plaintiff in the current action fails to state a cause of action under RESPA because, aside from labeling his correspondence a "RESPA letter" and "qualified written request," he fails to allege a sufficient basis to conclude that his correspondence was, in fact, a qualified written request. *See* D.E. 1, Compl., ¶¶ 28, 40, 47, 48, 49. To fall within the definition of a qualified written request under RESPA, a request must: (i) be in writing on a document other than a payment coupon or other payment form supplied by the servicer; (ii) include information enabling the servicer to identify the name and account of the borrower; (iii) include a statement of the reasons the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer as to other information sought by the borrower; and (iv) relate to

- 10 -

servicing. *See* 12 U.S.C. § 2605(e); and 12 C.F.R. § 1024.21(e). The letter must also be sent to the servicer's designated QWR address. *Berneike v. CitiMortgage, Inc.*, 708 F. 3d 1141 (10th Cir. 2013). There is no allegation in the Complaint as to where the alleged QWR was sent and therefore, this allegation fails as a matter of law.

Plaintiffs are required to establish they sent a valid qualified written request to state a cause of action under RESPA. *See Marsh,* 2011 WL 1196415 at 8 (dismissing RESPA claim where notice attached to complaint demonstrated it did not meet the elements of a qualified written request). The only elements of a qualified written request arguably satisfied from a pleading perspective is the allegation that a written request was sent to SPS as a loan servicer, but again, Plaintiff has failed to set forth a prima facia case for a RESPA claim with all requisite elements. *See* D.E. 1, Compl. ¶¶ 40, 42, 47, 49. In addition to the lack of factual allegations, portions of the Complaint suggest Plaintiff's letter was not a qualified written request in that it demanded copies of various documents. *See* D.E. 1, Compl. ¶ 40.; *See Echeverria v. BAC Home Loans Servicing, LP,* 900 F. Supp. 2d 1299, 1306-1307 (M.D. Fla. 2012) (finding request for a copy of the promissory note not a qualified written request); and *Ward v. Security Atlantic Morlg. Elec. Registration Systems. Inc.,* 858 F. Supp. 2d 56 J, 574-75 (E.D.N.C. 2012) (finding letter seeking "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transaction history" not a qualified written request).

Further, Plaintiff fails to state a cause of action under RESPA because his request for "actual, statutory, treble and/or punitive damages" fails as a matter of law. RESPA does not provide for treble or punitive damages. *See* 12 U.S.C. § 2605(1)(1). In the case of an action by an individual, RESPA does permit a borrower to recover actual damages and, "in the case of a

pattern or practice of noncompliance," statutory damages "in an amount not to exceed $1,000." *Ld.* Plaintiff does not allege he suffered any actual damages as a result of Defendants' purported RESPA violation and, while they could theoretically rely solely on statutory damages, they fail to allege a "pattern or practice of noncompliance" to support such an award, which renders their claim improper. *See Echeverria,* 900 F. Supp. 2d at 1307-1308. Accordingly, the Plaintiff's Count under RESPA should be dismissed.

### C. Plaintiff Fails to Plead a Cause of Action Under TILA.

Plaintiff merely recites 15 U.S.C. §1641(g), without any further factual allegations regarding any failure of BONY to provide notice of the assignment and/or transfer. *See* D.E. 1, Compl. ¶¶ 50, 51. Notwithstanding Plaintiff's failure to plead a cause of action under TILA, any such claims would be barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § I 640(e); and *Connell v. CitiMortgage, Inc.,* 2012 WL 5511087, 8 (S.D. Ala. 2012). At best, Plaintiff vaguely alleges a transfer to BONY in September of 2012, meaning his purported TILA claim expired in September of 2013. *See* D.E. 1, Compl. ¶ 22; *See* 15 U.S.C. § 1640(e). Plaintiff filed this action in April 2014, almost a year after the statute of limitations would have expired. Because the time barred nature of Plaintiff's TILA claim is apparent from the face of his complaint, his TILA claim should be dismissed with prejudice. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### D. Plaintiff Fails to Plead a Cause of Action Under the FDCPA and FCCPA.

Borrower alleges that Defendants violated 15 U.S.C. § 1692a(6), § 1692d, § 1692e, § 1692e(2), § 1692e(8), § 1692e(5), § 1692e(10), and § 1692f, § 1692g(b), § 1692k, and F.S. §559.72(9). As stated above, the subject matter of the alleged violations would have been adjudicated in the state court foreclosure action, and cannot be construed as made in connection

with the collection of a consumer debt; therefore, Plaintiff fails to state a claim under either the FDCPA or FCCPA. Additionally, at least part of the Plaintiff's claims for individual violations of the FDCPA by Defendants are time-barred, based on the allegations of the Complaint, which allege that the Defendants violated the FDCPA by filing the underlying foreclosure lawsuit on October 29, 2012. *See* D.E. 1, Compl. ¶ 19. Plaintiff alleges that Defendants violated 15 USC §1692. *See* D.E. 1, Compl. ¶ 56. However, pursuant to 15 USCS §1692, Plaintiff only had one (1) year to bring his claim from the date of the alleged violation (i.e. the date of the alleged act or communication, not the date of receipt). Under § 1692k(d) of the FDCPA, "'[a]n action to enforce any liability must be brought within one year from the date on which the violation occurs. Any communications made outside the statutorily permitted time period of one year are time-barred and may not be considered by the court.'" *Sampaio v. I.C. Sys.,* 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009); *citing Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (holding that letters mailed more than one year prior to the initiation of suit were time-barred as alleged violations of FDCPA).

In this case, it is apparent from the face of the Complaint that several alleged FDCPA violations by Defendants occurred prior to April 28, 2013, are outside the one-year statute of limitations and may not be considered in determining whether Plaintiff has properly alleged a violation of "§ 1692a, *et seq.*"[1] See *Sampaio v. I.C. Sys.,* 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009) *citing La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding a claim may be dismissed based on statute of limitations only where it is "apparent from the face of the complaint" that the claim is time-barred). *See Iqbal*, 129 S.Ct. at 1949. As such, any actions or communications by Defendants prior to April 28, 2013 cannot

---

[1] Again, this issue would be more easily determined if the Complaint was pled with specificity as required under Rule 8.

- 13 -

constitute violations of the FDCPA, and any claim for violations of FDCPA based on those communications must be dismissed with prejudice based on the expiration of the statute of limitations provided by § 1692k(d).

      **1.** **DEFENDANTS' ATTEMPT TO ENFORCE A SECURITY INTEREST IS NOT A "CONSUMER DEBT COLLECTION ACTIVITY" UNDER EITHER THE FDCPA OR FCCPA.**

The enforcement of a security interest such as a mortgage is not considered the collection of a consumer debt under the FDCPA. See *Birster v. American Home Mortg. Servicing, Inc.*, 2011 WL 2678927, *2 (S.D. Fla. 2011) (holding that mortgage servicer does not engage in the collection of a debt); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458 (11th Cir. 2009) (holding that "a person in the business of enforcing a security interest" is not a debt collector); *Bentley v. Bank of America, N.A.,* 773 F.Supp.2d 1367 (S.D. Fla. 2011) ("a mortgage servicing company…not considered 'debt collectors…'"); *Gray v. Four Oak Court Ass'n,* 580 F. Supp. 2d 883 (D. Minn. 2008) (holding that if the enforcement of a security interest was synonymous with debt collection, the third sentence of 15 U.S.C.S. § 1692a(6) would be surplusage because any business with a principal purpose of enforcing security interests would also have the principal purpose of collecting debts.)

Moreover, even assuming Defendants regularly collect debts, unless the Plaintiff alleges he was in default at the time that the Defendants acquired the loan interest, Defendants are not considered debt collectors within the meaning of the Act. Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered "debt collectors," as long as the debt was not in default at the time it was assigned. *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011); citing *Reese v. JPMorgan Chase & Co.,* 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009) (dismissing the FDCPA claim with prejudice where the complaint indicated that the defendants were creditors and mortgage servicers and, thus, were

specifically excluded under the FDCPA); see also *Locke v. Wells Fargo Home Mortg.*, Case No. 10-60286-CIV, 2010 U.S. Dist. LEXIS 126140, 2010 WL 4941456, at *2 (dismissing FDCPA claim with prejudice and holding that "[s]ince Wells Fargo was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692").

Here, the Plaintiff fails to allege that he was in default of the debt at the time Defendants acquired their rights in the loan interest, and therefore has not adequately demonstrated that the Defendants are debt collectors such that he would be entitled to relief under the FDCPA. *See Benjamin v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 64515, 2013 WL 1891284 (S.D. Fla. May 6, 2013); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (dismissing an FDCPA claim because the Act explicitly excludes mortgage servicing companies where the debt was not in default at the time it was assigned); *see also Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004) (affirming a district court's dismissal of an FDCPA claim where the plaintiff did not allege that he was in default at the time the defendant began servicing his loans). As such, the FDCPA claims against Defendants must be dismissed.

While no appellate court has addressed this issue within the context of the FCCPA, courts unanimously hold that when applying the FCCPA, due consideration and weight must be given to the interpretation of the FDCPA. *See Groves v. U.S. Bank*, 2011 2011 WL 2192821,*3 (M.D. Fla. 2011); *Elmore v. Northeast Florida Credit Bureau, Inc.*, 2011 WL 4480419, *2 n.5 (M.D. Fla. 2011) ("the Court interprets the FCCPA provision in the same way as its FDCPA parallel."); *Bentley,* 773 F. Supp. 2d at 1372 (holding the language of the FCCPA "identifying those who are excluded from the definition of a debt collector in Florida mirrors the language defining a debt collector in the FDCPA."); *Eke v. FirstBank Florida*, 779 F. Supp. 2d (S.D. Fla. 2011)

(dismissing plaintiff's FCCPA claim because defendant was not a debt collector under the FDCPA).

On its face, Plaintiff's Complaint demonstrates that Defendants were seeking to enforce a security interest, and fails to allege that the loan was in default at the time Defendants acquired an interest in the loan.  Under the FDCPA, the enforcement of a mortgage is not considered the collection of a consumer debt.  Pursuant to the applicable case law, this Court should give due consideration and weight to the rule that the enforcement of a security interest is not the collection of a consumer debt under the FDCPA, and thereby hold that Defendants' conduct as alleged in the Complaint does not fall within the scope of the FCCPA.  Accordingly, Plaintiff's action should be dismissed with prejudice.

### E. Plaintiff Fails to State a Cause of Action Under FDUPTA

This court should dismiss Plaintiff's FDUPTA claim against BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as it is statutorily exempt from FDUTPA. *Office of the Attorney General v. Commerce Commercial Leasing, LLC et al*, explains that "[t]hat the language in the statute appears to … exempt banks.  The logic appears obvious: if a state or federal agency already regulates banks, there is no need for the Act to interfere."  946 So. 2d 1253, 1257 (Fla. 1st DCA 2007).  Additionally, the Eleventh Circuit has held that a district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). Public records are among these permissible facts. *Id*.  A district court may take judicial notice of relevant public documents required to be filed with the SEC. *Id*. BANK OF NEW YORK MELLON TRUST COMPANY, N.A. is listed as a federal entity with the SEC, CIK#0001371431. It is clear from the required SEC filings of BANK OF NEW YORK

MELLON TRUST COMPANY, N.A. that it is regulated under the National Bank Act and is therefore not subject to the FDUPTA.

Even if this Court were to decide that BONY is not exempt under FDUPTA, Plaintiff has still failed to state a claim upon which relief can be granted, as noted *supra*. For a plaintiff state a claim for tradition FDUPTA violations, they must establish the following: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Feheley v. Lai Games Sales, Inc.*, No. 08-23060-civ, 2009 WL 2474061, at *5 (S.D. Fla. 2009). A "deceptive act or unfair practice" may be found when there "is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sundance Apartments I, Inc. v. General Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008). However, while federal district courts in Florida are split on whether FDUPTA claims are subject to Rule 9(b), this Court has concluded that it is. *See Blair v. Wachovia Mortg. Corp.*, No. 5:11-cv-566-Oc-37TBS, 2012 WL 868878, at *3 (M.D. Fla. 2011); *Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1381 (S.D. Fla. 2012); *compare Toback v. GNC Holdings*, Inc., No. 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. 2013).

Setting aside the clear issue of claim preclusion noted above, the Complaint does not contain the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. For example, the Plaintiff fails to allege "precisely what statements were made in what documents or oral representations or what omissions were made … the time and place of each such statement and the person responsible for making them…" *Blair*, 2012 WL 868878, at *4. Here, Plaintiff merely states assertions such as, "[t]hese Defendants violated the act by engaging [sic] the following acts of unconscionable conduct, or unfair deceptive practices in the conduct of trade or commerce." *See* D.E. 1, Compl. ¶ 70. Statements like this do not meet the required level of

- 17 -

specificity under Rule 9(b) and thus warrant dismissal under Rule 12(b)(6). Therefore, because Plaintiff has failed to plead his FDUPTA claim with the required particularity, this court should dismiss this claim against Defendants with prejudice.

**F. Plaintiff Fails to Allege Any Basis for Declaratory and Injunctive Relief.**

While the introductory paragraph of Plaintiffs' complaint states "[t]his is an action ... for declaratory and injunctive relief," Plaintiff does not actually request injunctive relief in any of his counts. Moreover, TILA, RESPA, and the FDCPA do not provide for private injunctive relief. *See Christ* v. *Beneficial Corp., 547* F. 3d 1292, 1298 (11th Cir. 2008) (TILA); 12 U.S.C. § 2605(f) (RESPA); and *Weiss v. Regal Collecfiol1s,* 385 F. 3d 337, 341 (3rd Cir. 2004) (FDCPA). As such, the Court should dismiss Plaintiff's request for injunctive and declaratory relief.

**G. Plaintiff's Jury Trial Demand Should be Stricken.**

As part of his Complaint, Plaintiff demands a trial by jury. The mortgage executed by Plaintiff contains the following provision:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

*See* D.E. 1, Page 32. Plaintiff's RESPA, TILA, FDCCPA, FCCPA and FDUPTA claims are made in connection with the loan secured by the mortgage. Plaintiff's claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley* v. *Wells Fargo Bank, N.A.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012). Defendants are entitled to enforce the jury trial waiver provision. *See Fahey v. Am. Home Mortg. Servicing,* Case No. 11-62544, 3 (S.D. Fla. Dec. 11, 2012) (permitting loan owner and servicer to enforce jury trial waiver in mortgage); *but see Omega v. Deutsche Bank Trust Co. Americas,*

2013 WL 425836 (S.D. Fla. 2013) (permitting only loan owner to enforce jury trial waiver in mortgage); and *Williams v. Wells Fargo Bank. N.A.,* 2011 WL 4901346 (S.D. Fla. 2011) (same).

### III. CONCLUSION

The Court should dismiss Plaintiff's Complaint because it fails to present a facially plausible claim for relief against Defendants for violations of RESPA, TILA, FDCPA, FCCPA and FDUPTA. Plaintiffs have not properly pled a valid qualified written request or entitlement to actual and/or statutory damages. Plaintiff does not allege Defendants violated TILA and, even if he did, any such claim is barred by the one-year statute of limitations. The purported FDCPA claim fails because Plaintiff does not properly plead Defendants are debt collectors and simply list several provisions of the FDCPA, but fails to plead with any factual specificity that Defendants actually violated those provisions. Plaintiff's one reference to declaratory and injunctive relief in the opening paragraph of his complaint is improper and insufficient to support the relief requested. For the above-stated reasons, the Complaint against Defendants should be dismissed with prejudice.

WHEREFORE, BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2005-28CB, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-28CB, BANK OF AMERICA, N. A. AND BAYVIEW LOAN SERVICING, LLC respectfully requests the Court to dismiss the Complaint with prejudice, for an award of attorneys' fees pursuant to the terms of the loan documents, and grant any such other and further relief that the Court deems just and proper.

Submitted: May 20, 2014

                                  **BLANK ROME LLP**
                                  1200 N. Federal Highway, Suite 312

138873.00812/50598003v.1

                                      Boca Raton, FL  33432
                                      Telephone: 561-417-8100
                                      Facsimile: 561-417-8101

                                    /s/ *Albert D. Gibson*_____
                                    ALBERT D. GIBSON
                                    FLA. BAR NO. 50765
                                    AGibson@BlankRome.com
                                    Bocaeservice@BlankRome.com

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing on May 20, 2014, on all counsel or parties of record on the Service List below.

                                        /S/ *Albert D. Gibson*_____
                                        Albert D. Gibson

James E. Albertelli, PA.,
jim@albertellilaw.com
4391 Lake Forrest Dr NE
Atlanta, Georgia 30342

Bernard V. McManus, Esq.,
vmcmanus@ttglaw.com
4725 N Lois Avenue
Tampa, FL 33614

JPMorgan Chase Bank, N.A.,
c/o CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

Chase Home Finance, LLC,
c/o CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

Juan Abanto
4250 SW 67 Avenue
Miami, FL 33155

138873.00812/50598003v.1