UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-cv-21505-KMW

JUAN ABANTO,

    Plaintiff,

v.

BANK OF NEW YORK MELLON TRUST COMPANY NA, JPMORGAN CHASE BANK NA, as successor in interest to CHASE HOME FINANCE LLC, *et al.*,

    Defendant(s).

_____/

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC ("Chase"), respectfully moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

## I.    INTRODUCTION

After his admitted default on a home loan and apparently in response to the commencement of a judicial foreclosure action, Plaintiff Juan Abanto ("Plaintiff") has filed a frivolous Complaint against Chase alleging the following claims for relief under the following statutes: (1) the Real Estate Settlement Practices Act ("RESPA") pursuant to 12 U.S.C. § 2605; (2) the Truth and Lending Act ("TILA") under 15 U.S.C. § 1641; (3) the Fair Debt Collection Practices Act ("FDCPA") in accordance with 15 U.S.C. § 1692; 4) the Florida Consumer Collections Practices Act ("FCCPA") pursuant to Section 559, Florida Statutes; and 5) the

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") set forth in Section 501.20491, Florida Statutes.

Preliminarily, Plaintiff's Complaint does not state a viable claim for relief against Chase because Plaintiff has not articulated any factual allegations to substantiate his generic claims for relief. Notwithstanding this fatal flaw, each of the Complaint's causes of action also fails for independent grounds.

To start, Plaintiff's RESPA claim is legally deficient because the purported qualified written requests ("QWR") (which Plaintiff fails to attach to the Complaint), do not constitute QWRs and Plaintiff has not pled−and indeed cannot plead−any resulting damage. Plaintiff's TILA claim similarly fails as a matter of law because it is not supported by a single factual allegation and any such claim is barred by the applicable statute of limitations. Plaintiff's claim for a violation of FDCPA likewise fails because Chase is protected by the litigation privilege and Chase is not a debt collector under the FDCPA. Dismissal of Plaintiff's fourth cause of action, for violations of the FCCPA is warranted as the Complaint is devoid of any factual allegations relating to any such violation. Regardless, Plaintiff lacks standing to assert a claim for relief thereunder. Finally, Plaintiff's FDUTPA claim must also be dismissed because the FDUPTA does not apply to banking institutions. Accordingly, in total, Plaintiff has failed to state a single viable claim against Chase.

Furthermore, to the extent Plaintiff asserts claims against Chase related to the foreclosure proceeding, which is proceeding in Florida state court,[1] Plaintiff was required to assert those

---

[1] For example, Plaintiff argues that the foreclosure is impermissible because Chase's foreclosure counsel purportedly did not provide him with a copy of the assignment or notice of acceleration. Compl. ¶ 21. However, as Plaintiff correctly notes, the subject assignment is a matter of public record. *Id.* ¶ 22. More importantly, the Mortgage expressly states that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times

claims as compulsory counterclaims or affirmative defenses in the state foreclosure action. As such, the Complaint should be dismissed with prejudice in its entirety as it relates to Chase.

## II. BACKGROUND

This litigation centers on a residential mortgage encumbering real property located in Miami, Florida. On or about May 3, 2007, Plaintiff obtained a home loan in the amount of $131,550.00, executing a promissory note (the "Note") in favor of Chase (the "Loan"). In conjunction therewith, Plaintiff executed a mortgage (the "Mortgage") securing the Note with the real property located at 4250 SW 67 Avenue, # 22, Miami, Florida 33155 (the "Property").[2] On the same day, Plaintiff executed a second promissory note (the "Second Note") in the amount of $43,850.00 in favor of Chase. In conjunction therewith, Plaintiff executed a Florida Closed-End Mortgage (the "Second Mortgage"), which secured the Second Note with the Property.

Plaintiff admits that in September 2010, he breached his contractual obligations to Chase by failing to make payments required by the Note and Mortgage. *See* Compl. ¶ 18 (admitting "[a]lleged debt on the Promissory Note went in default on September 10, 2010").[3] On August 9, 2012, an assignment of the Mortgage was executed evidencing an assignment from Chase to The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company,

---

without prior notice to Borrower." Compl, Mortgage attached to Plaintiff's Compl., ¶ 19. Further, Plaintiff admits that he was notified of the change of the Loan's servicer by Chase and Select. *See* Compl. ¶¶ 32-33.
[2] The Mortgage is attached to Plaintiff's Complaint.
[3] Insofar as Plaintiff contends that the defendants have failed to satisfy conditions precedent as part of the foreclosure proceedings, such contentions are clearly compulsory counterclaims and must be asserted in the Foreclosure Action. *See In re Collado*, Case Nos. 09-32049-BKC-AJC, 10-3019-BKC-AJC-A, 2010 WL 3282595 (Bankr. S.D. Fla. Aug. 13, 2010) ("Litigation of defenses and compulsory counterclaims, are part and parcel to the mortgage foreclosure action wherein the amount, validity, and entitlement to foreclose the debt were adjudicated."). Specifically, insofar as Plaintiff avers that the defendants "prematurely filed foreclosure [sic] suit against the Plaintiff despite having no contract between Defendants' and Plaintiff" (Compl. ¶ 69(c)) and the defendants are not authorized to foreclose on the Property (*id.* ¶ 69(g)), such claims are clearly compulsory counterclaims and therefore are not properly before this Court.

NA as Trustee for Chase Mortgage Finance Trust Series 2007-S5 (the "Assignment"). Compl., Ex. B attached thereto.

As a result of Plaintiff's admitted default on the Note and Mortgage, on or about October 29, 2012, the Bank of New York Mellon f/k/a The Bank of New York Trust Company, NA as Trustee for Chase Mortgage Finance Trust Series 2007-S5 (through its foreclosure counsel of record, Albertelli Law) commenced foreclosure proceedings against Plaintiff in the Court of Miami-Dade, case number 12-42854-ca-01 (the "Foreclosure Action").[4] Plaintiff contends that in October 2013, the Loan was service transferred from Chase to Select Management Portfolio Services ("Select"). Compl. ¶ 33. Thereafter, on April 28, 2014, Plaintiff filed the subject litigation against Chase, Bank of New York Mellon, James Albertelli d/b/a Albertelli Law, Select and Bernard Vincent McManus.

Despite the fact that Plaintiff acknowledges his default under the Loan's terms, Plaintiff now requests that the Court award damages in his favor due to the purported loss of the Property (resulting from his own failure to make payments on the Loan). Because Plaintiff's Complaint utterly fails to satisfy the threshold pleading requirements mandated by the Federal Rules of Civil Procedure and as none of the causes of action states a cognizable claim for relief, the Court should dismiss the Complaint with prejudice as to Chase.

---

[4] This Court may take judicial notice of court records in pending state court cases. *See, e.g., United States v. Jones*, 29 F. 3d 1549, 1553 (explaining court may take judicial notice of documents in other litigation "to establish the fact of such litigation and such related filings"). Final judgment has not yet been entered in the Foreclosure Action.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. The Complaint Does Not Adequately Set Forth the Factual Predicate of the Claims Asserted**

As the United States Supreme Court has clarified, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 & 570 (2007)).  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. Proc. 8(a)(2)).  In this regard, the Supreme Court clarified that "**a formulaic recitation of the elements of a cause of action will not do.**" *Twombly*, 550 U.S. at 555 (emphasis added).

Here, the Complaint must be dismissed because it does not contain <u>any</u> factual allegations to support a plausible claim for relief on its face.  In direct violation of *Twombly*, the allegations in the Complaint are merely "formulaic recitations of the elements" of the causes of action. *Id.*  In the Complaint, Plaintiff asserts causes of action under TILA, FDCPA and FCCPA, however Plaintiff fails to assert a single factual allegation in support of such claims.  As a result, Plaintiff's claims should be dismissed for failing to satisfy the *Iqbal/Twombly* pleading standard.

**B. Count I Must Be Dismissed with Respect to Chase Because the Referenced Letters Do Not Constitute QWRs in Accordance with RESPA**

In Count I, Plaintiff asserts that Defendants violated RESPA by failing to respond adequately to "RESPA letters" sent during November 2013 and January 2014 (after the period of time in which Plaintiff admits the Loan was service transferred from Chase).  Markedly, Plaintiff fails to attach any of the purported communications to the Complaint.

RESPA requires a mortgage servicer to respond to a "qualified written request" from a borrower.  12 U.S.C. § 2605(e)(1)(A).  To qualify as a QWR, however, thus triggering any obligation to respond, a request must "(i) include[], or otherwise enable the servicer to identify, the name and account of the borrower; and (ii) include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).  In addition, the correspondence must "relate to the servicing of the loan."  *Madura v. BAC Home Loans Serv. L.P.*, No. 8-11-cv-2511, 2013 WL 3777094, at *9 (M.D. Fla. July 17, 2013) (finding purported QWR that raised issues regarding origination and loan modification did not qualify as QWR pursuant to RESPA)**.**

Here, as an initial matter, the correspondence Plaintiff contends he sent in January 2014, occurred **afte**r the Loan was service transferred to Select.  *See* Compl. ¶¶ 32-33 (noting Loan was service transferred to Select).  Therefore, Chase was under no obligation to respond to Plaintiff as it was no longer the servicer of the Loan.  *See* 12 U.S.C. § 2605(e)(1)(B) (noting QWR sent to servicer).

Moreover, other than a general statement that "the letter demanded certain documents and the answer to questions regarding the servicing of Plaintiff's mortgage," Plaintiff's Complaint is devoid of any indication regarding the contents of the purported QWRs.  To constitute a QWR giving rise to an obligation to respond, "the letters [should] include a

6

statement of the reasons for Plaintiff's belief that the account is in error; … [and should] state that Plaintiff believes that servicing of the account is actually in error." *Vazquez v. M & T Bank Corp.*, No. 1:10-CV-23794, 2011 WL 241958, at *2 (S.D. Fla. Jan. 24, 2011) (dismissing RESPA complaint for failure to properly allege plaintiff submitted QWRs). In *Vazquez*, because the purported QWRs sought information regarding closing of the loan rather than servicing, the court found that the letters did not constitute QWRs in accordance with RESPA. *Id.* Similarly, here, there is no indication that the purported QWR Plaintiff allegedly sent to Chase articulated any basis for why he believed the account to be in error. Therefore, Plaintiff's RESPA claim is legally deficient and should be dismissed on this basis alone.

Finally, even if Plaintiff could establish that the alleged correspondence qualified as a QWR (he cannot), "alleging a breach of RESPA duties alone does not state a claim under RESPA. [Instead,] Plaintiff[] must, at minimum, also allege that the breach resulted in actual damages." *Saldate v. Wilshire Credit Corp.,* 711 F.Supp. 2d 1126, 1134 (E.D. Cal. 2010) (internal marks and citation omitted); *Molina v. Washington Mutual Bank,* No. 09–CV–00894–IEG (AJB), 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (concluding RESPA claim was defective because plaintiffs "failed to sufficiently plead pecuniary loss"). Here, because Plaintiff wholly fails to allege any resulting damage from Chase's purported failure. As such, Plaintiff's RESPA claim should be dismissed as a matter of law.

### C. Plaintiff's Claim for Damages Under TILA Is Time-Barred

In Count II of his Complaint, Plaintiff seeks damages for a purported TILA violation. Even ignoring Plaintiff's utter failure to allege a single fact in support of his TILA claim, Count II is further barred by the applicable statute of limitations. In accordance with federal law, claims for damages pursuant to TILA are governed by 15 U.S.C. § 1640. Subdivision (e) of that

part provides: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within <u>one year</u> from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e) (emphasis added).  The one-year limitations period commences upon closing or consummation of the credit transaction.  *See In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984) (stating TILA violation "occurs when the transaction is consummated").

In the instant case, Plaintiff executed the Mortgage in May 2007, but did not assert his claim for damages until May 2014, **more than six years** after the deadline to raise these claims. Accordingly, Plaintiff's claim for damages under TILA must be dismissed with prejudice.

### D. Florida's Litigation Privilege Bars Plaintiff's FDCPA Claims and Chase is Not a Debt Collector Under the FDCPA

*1. Count III is Precluded by Florida's Litigation Privilege*

Count III of Plaintiff's Complaint fares no better because, although Plaintiff claims violations of the federal FDCPA, 15 U.S.C. § 1692 *et seq., see* Compl. ¶¶ 52-56, the only factual basis Plaintiff asserts with respect to Chase is that Chase allegedly "fil[ed] [] a fraudulent foreclosure base [sic] on false documents." *See, e.g., id.*, ¶ 56(d).[5]  Because Plaintiff's FDCPA claim is prefaced solely on Chase's alleged actions within the instant lawsuit, it is barred by Florida's litigation privilege.

The Florida Supreme Court has long recognized the existence of a litigation privilege in defamation cases. *See, e.g., Myers v. Hodges*, 44 So. 357, 361–63 (1907) (establishing qualified

---

[5] The other contentions do not pertain to Chase as they occurred after Plaintiff admits the Loan was service transferred to Select.  *See* Compl. ¶¶ 34-35 (noting "SELECT sent an alleged VALIDTAION OF DEBT NOTICE, giving 30 days to validate and at the time requesting payment overshadowing the alleged letter's purpose, which constitute a violation of the FDCPA 1692g" and "[o]n or around November 18, 2013, seven days after alleged VALIDATION NOTICE, a second attempt to collect letter was received by the Plaintiff in the form of a Mortgage bill").

8

litigation privilege for defamatory statements made during course of judicial proceeding). The contours of the litigation privilege have since been expanded to protect any action taken by a litigant in the course of any judicial proceeding: The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (holding FCCPA claim based on allegations that lenders' counsel sought to collect amounts greater than the outstanding debt during foreclosure proceedings was barred by litigation privilege). The court has explained that the rationale for the broad scope of the privilege: "[j]ust as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). In other words, the very purpose of the privilege is to prohibit exactly what the plaintiffs in *Echevarria* attempted, and exactly what the Plaintiff now attempt to do in Count III of the Complaint.

Moreover, courts have uniformly held that filing a mortgage foreclosure action—clearly, a "judicial proceeding"—is an activity protected by Florida's litigation privilege. *Echevarria*, 950 So. 2d at 380 (holding FCCPA claim based on conduct by counsel in foreclosure action was barred by litigation privilege); *Foxx v. Ocwen Loan Serv. LLC*, No. 8:11-CV-1766-T-17EAK, 2012 WL 2048252, at *6 (M.D. Fla. June 6, 2012) ("Defendants correctly argue that they are entitled to litigation immunity for the filing of the lis pendens and foreclosure actions against

9

Foxx.") (dismissing FCCPA claim); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) ("The *Echevarria* holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA . . . claim."), *aff'd* 288 F. App'x 571, 571 (11th Cir. 1008) ("Florida law also provides post-litigation immunity for any foreclosure action filed by Mortgage Systems."). *See also Wolfe v. Foreman*, 128 So. 3d 67 (Fla. 3d DCA 2013) ("It is difficult to imagine any act that would fit more firmly within the parameters of *Levin* and *Echevarria* than the actual filing of a complaint. The filing of a complaint, which initiates the judicial proceedings, obviously 'occurs during the course of a judicial proceeding' and 'relates to the proceeding.'").

Accordingly, the only alleged violations of the FDCPA are protected by the litigation privilege and are thus not actionable as a matter of law. As a result, Count III of Plaintiff's Complaint must be dismissed <u>with prejudice</u>.

2. *Count III Is Also Fatally Flawed Because Chase Is Not a "Debt Collector" Under the FDCPA*

Plaintiff's third claim for relief further fails because initiating a foreclosure action is not debt collection as a matter of law. *See* Compl. ¶ 27 (contending Chase's foreclosure counsel in the State Action "failed to provide proper validation of debt after receiving Plaintiff's request and never stop [sic] its collection activities in complete disregard of the FDCPA 15 USC 1692g(b)").

The FDCPA prohibits a myriad of practices by "debt collectors" and provides a cause of action against "debt collectors" who violate the statute. *See* 15 U.S.C. § 1692f (listing practices that are prohibited by "debt collector"); 15 U.S.C. § 1692k (providing "***any debt collector*** who fails to comply with [the FDCPA] with respect to any person is liable to such person") (emphasis added). "Debt collector" is defined, in relevant part, as: "any person who uses any

instrumentality of interstate commerce . . . the principal purpose of which is the collection of any debts . . . *owed or due or asserted to be owed to another* … ." 15 U.S.C. § 1692a(6). Moreover, an assignee of a debt is not a "debt collector" as long as the debt was not in default at the time it was assigned. 15 U.S.C. § 1692a(6)(F)(iii). Furthermore, a mortgagee enforcing a mortgage debt by filing a foreclosure action is not a "debt collector" pursuant to the FDCPA. *Centennial Bank v. The Noah Grp., LLC*, 755 F. Supp. 2d 1256, 1260 (S.D. Fla. 2010) (*sua sponte* dismissing mortgagors' FDCPA claim against mortgagee seeking to foreclose because mortgagee was not a "debt collector" under the FDCPA); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009) ("Under the FDCPA, [a] consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned.").

Here, Plaintiff's Complaint and exhibits clearly show that Chase is not a "debt collector" because all of the actions allegedly taken by Chase were in connection with pursuing a foreclosure. Moreover, Plaintiff does not even plead in a conclusory fashion that Chase is a "debt collector," and in fact cannot demonstrate that the debt was in default at the time of receipt because Chase was the originator of both loans. Accordingly, Count III must be dismissed with prejudice.

>   **E. Plaintiff's FCCPA Claim Likewise Fails Because a Private Right of Action for Violation of Section 559.715, Florida Statutes Does Not Exist and Plaintiff Does Not Adequately Plead an FCCPA Claim**

Plaintiff asserts that Chase violated the FCCPA by failing to provide Plaintiff with a notice of assignment of his mortgage debt, as required by Section 559.715, Florida States. Compl. ¶ 60. Section 559.715, however, does not support a private cause of action under Section 559.715. *Thomas v. Comm. Recovery Sys., Inc.*, No. 8:07-cv-1104-T-23MAP, 2008 WL 5246296, at *4

11

(M.D. Fla. Dec. 16, 2008) ("The FCCPA creates a civil remedy only for a violation of § 559.72… .The plaintiff fails to show a legislative intent to provide a civil remedy for violation of the notice provision.") (internal quotations and citations omitted).  On this basis alone, Plaintiff's FCCPA claim must be dismissed with prejudice.

Count IV further fails as a matter of law as Plaintiff offers only unsubstantiated allegations that Chase purportedly violated a different provision of the FCCPA, which provides:

> In collecting consumer debts, no person shall:
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9).  Accordingly, to state a claim under this section, Plaintiff must allege "that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist," as well as "knowledge or intent by the debt collectors." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011).  Conclusory allegations that a defendant did not have a legal right to collect a debt are insufficient.  *Id.* (dismissing FCCPA claim that lacked "any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist").

Here, Plaintiff merely asserts that Chase violated Section 559.72(9) by "claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate." (D.E. 1, ¶ 61).  Like the claim in *Bentley*, Count IV does not identify the legal right asserted, explain how that legal right did not exist, or plead any facts regarding knowledge by Chase the debt was "illegitimate."  Accordingly, Plaintiff's FCCPA claim should be dismissed with prejudice.

### F. Plaintiff's Cause of Action Pursuant to the FDUTPA Is Similarly Deficient as a Matter of Law

Finally, Plaintiff's Complaint further fails because the FDUTPA does not apply to "[b]anks or savings and loan associations regulated by federal agencies." *See* Fla. Stat. § 501.212(4)(c); *Bankers Tr. Co. v. Basciano*, 960 So. 2d 773, 779 (Fla. 5th DCA 2007) ("FDUTPA clearly excludes banks from its grasp."). Chase is a national banking association and BNYM is a banking and financial services corporation. As such, both entities are exempt from liability under FDUTPA. *See City of St. Petersburg, Fla. v. Wachovia Bank, N.A.*, No. 810-cv-693-T-26TBM, 2010 WL 2991431, at *3 (M.D. Fla. July 27, 2010) (dismissing FDUTPA claim against national bank with prejudice "because it is clear that the FDUTPA does not apply to federally regulated banks"). On this basis alone, Count V is fatally flawed.

Additionally, the only basis that Plaintiff proffers in support of his contention that Chase violated the FDUTPA is a claim that defendants allegedly filed a "baseless foreclosure complaint." Compl. ¶ 72. Plaintiff's statement, however, is specifically belied by his own pleading, which admits that he defaulted on the Note in September 2010. *Id.* ¶ 18. Accordingly, like the remainder of the Complaint, Count V is legally defective and must be dismissed as a matter of law.[6]

**G. To the Extent the Court Construes the Complaint as Seeking a Declaratory**

---

[6] Finally, Chase will move to strike Plaintiff's jury trial demand (Compl. at 10) as the Mortgage expressly waives Plaintiff's right to a trial by jury with respect to the Note and Mortgage. *See* Compl, Ex. attached thereto. Plaintiff contractually waived his right to a jury trial by executing the Mortgage, which states that the "[b]orrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." Compl., Exhibit attached thereto ¶ 25. Plaintiff's claims, however, each complain of Chase's conduct following Loan origination. None of these allegations remotely suggests that Plaintiff's waiver of his right to a jury trial was improperly obtained, and thus Plaintiff has no right to reinstate his right to a jury trial. *See, e.g., Palomares v. Ocean Bank of Miami*, 574 So. 2d 1159, 1160 (Fla. 3d DCA 1991) (finding mortgagor waived right to jury trial by executing mortgage, despite allegations of fraud in the inducement, and such waiver was constitutionally permissible). Plaintiff voluntarily executed the subject mortgage and, by doing so, contractually waived his right to a jury trial. *Id.* Accordingly, Plaintiff's demand to reinstate his right to a jury trial must be denied.

**Judgment, Plaintiff's Claim Fails Along with His Substantive Causes of Action**[7]

Furthermore, Plaintiff requests that this Court enter declaratory judgment in his favor. Compl. at 1. In order to state a claim for declaratory relief, a party must identify a genuine dispute over "the existence or non-existence of some right or status." *Keiner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1991). Because each of the above claims fail as a matter of law as set forth above, Plaintiff's request for declaratory judgment too fails as a matter of law. *Gentry v. Harborage Cottages-Stuart, LLP,* No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) (dismissing claim for declaratory judgment that was "superfluous" where addressed by other claims before court). Similarly, in *DZ Bank AG Deutsche Zentral-Genossenschaftbank v. McCranie*, the Middle District of Florida dismissed borrowers' declaratory judgment claims with prejudice finding that the issues alleged "are already pending before this Court." No. 3:10-cv-222-J-MCR, 2010 WL 4739521, at *4 (M.D. Fla. Nov. 16, 2010).

Here, as discussed *supra*, the Mortgage validly encumbers the Property, Plaintiff admits default on the Loan and as demonstrated herein, Plaintiff is not entitled to any relief under RESPA, TILA, FDCPA, FCCPA or the FDUPTA. Thus, any claim for declaratory relief is similarly flawed and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court enter an Order dismissing the Complaint with prejudice and granting any further such relief that the Court deems just and proper.

---

[7] Plaintiff proffers no basis in support of such a claim, but merely states that he seeks relief for "declaratory and injunctive relief." Compl. at 1. Any claim for injunctive relief fails for the same reasons.

                                */s/ Brandon DeGel*
                                BRANDON DEGEL
                                Florida Bar No. 105095
                                **WARGO & FRENCH, LLP**
                                *Attorneys for JPMorgan Chase Bank, N.A.*
                                201 S. Biscayne Boulevard, Suite 1000
                                Miami, Florida 33131
                                Telephone: (305) 777-6000
                                Facsimile: (305) 777-6001
                                Email: bdegel@wargofrench.com
                                E-service: flservice1@wargofrench.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Rules for the United States District Court for the Southern District of Florida, I filed the foregoing with the Clerk via CM/ECF, and the foregoing was served on all counsel of record and parties identified on the following service list by transmission of Notices of Electronic Filing generated by CM/ECF, this 21st day of May, 2014.

                                */s/ Brandon DeGel*
                                BRANDON DEGEL

## SERVICE LIST

| | |
|---|---|
| Juan Abanto, Pro Se<br>4250 S.W. 67 Avenue, Apt # 22<br>Miami, Florida  33155 | James E. Albertelli, P.A. d/b/a Albertelli Law<br>c/o Smith Husley & Bulsey<br>Professional Association<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202 |
| Bernard Vincent McManus, Esq.<br>Thompson Trial Group, P.A.<br>4725 N Lois Avenue<br>Tampa, Florida  33614-7046 | Bank of New York Mellon Trust Company N.A.<br>400 South Hope Street<br>Los Angeles, CA  90071 |
| Select Portfolio Servicing, Inc.<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, Florida  32301 | JPMorgan Chase, N.A.<br>c/o CT Corporation System<br>1200 South Pine Island Road<br>Plantation, Florida  33324 |